CULLEN, J.
The plaintiff shipped by the defendant’s railroad certain cases of rubber goods, consigned to Kirkendall, Jones & Co., Omaha, Neb. When the goods arrived at Omaha the defendant delivered them to a local express company, who for many years has received the goods consigned to Kirkenclali, Jones & Co., the express company paying defendant the freight;. The consignees refused to accept the goods from the express company, asserting that they had not bought or ordered them. Thereupon the express company took the goods back to the station, saying to the defendant’s agents that the consignees had refused to accept them, *545 but that the matter would probably be settled in a short time. The ■express company asked and obtained permission to place the goods, for a short time, in the station building. The goods remained there for some four or five weeks, when the express company placed them in the warehouse of one Stimmel on storage. Here they remained for a year when Stimmel sold the goods at auction for unpaid storage. Subsequently Stimmel failed, and the plaintiff was unable to obtain from him the proceeds of the sale. The defendant gave the plaintiff no notice of the refusal of the consignees to accept the goods, nor of their subsequent disposal of them. Immediately after the arrival of the goods at Omaha, the consignees wrote to the plaintiff that they had rejected the goods, and that the goods were at the depot, subject to plaintiff’s orders. To this plaintiff answered, acknowledging that its agent had improperly shipped the goods, and requesting the consignees to “ take them in,” the parties to arrange subsequently the terms. Here the correspondence seems to have ceased, and the plaintiff took no further action in the matter. The cause was submitted to the jury under instructions that, if the local express company had authority from the consignees to receive and accept goods consigned to them, then, by the delivery to the express company, the defendants discharged its duty, and was not liable, but, if the express company had not such authority, then the defendant was liable. The plaintiff took no exception to this charge, nor did it ask for a direction of a verdict in its favor. But, having made a motion for a new trial, it now insists, upon an appeal from an order denying that motion, that the evidence to establish the authority of the express company to bind the consignees was not sufficient to j ustify the submission of that question to the jury.
We are not required to decide the question now raised, as we think that, on the undisputed facts of the case, the defendant was not liable. The defendant had fulfilled its contract, and discharged its duty as a carrier, when it tendered the goods to the consignees. Its subsequent liability was that of a warehouseman. Fenner v. Railroad Co., 44 N. Y. 505; Weed v. Barney, 45 id. 344. And it could discharge itself from further responsibility in that respect by placing the goods in store, for the account of the owner, in the warehouse of a responsible person. Fisk v. Newton, 1 Denio, 45; Mayell v. Potter, 2 Johns. cas. 371; Hamilton v. Nickerson, 11 Allen, 308. Therefore, even if the express company be deemed the agent of the defendant in storing the goods, the course taken was proper. This much the learned counsel for the appellant concedes, but he insists that the defendant is liable because it failed to give the plaintiff notice that the consignee had rejected the goods or notice of their storage. We think it is not the law that the carrier must invariably give such notice to the shipper. In Fisk v. Newton, supra, no notice was given to the consignor, yet the defendant was held not liable. In Weed v. Barney, supra, it is said:
“ But it is insisted that the defendant should have given notice to the consignor when the consignees did not receive and pay for *546 the package. Was there any contract so to do ? * * * The authorities would not seem to require notice, under the facts of this case, though notice may sometimes he necessary.”
The true rule seems to be that if the carrier has not the right to abandon or unnecessarily expose the goods to loss or damage, but. must conduct himself as a reasonable man would do with reference to them, and that the carrier is bound to give notice only when reasonable care would require it. Hudson v. Baxendale, 2. Hurl. & N. 574; Kremer v. Express Co., 6 Gold. 356. The object of giving notice is to impart information. In the case before-us the plaintiff was informed by the consignees that the goods shipped had arrived, had been rejected, and were then at the station. To this the plaintiff answered, practically asking the eolito take charge of the goods. From that time till the sale of the goods—a period of a year—the plaintiff did nothing. It may have had no notice that the goods had been stored with Stimmel, but the absence of such information does not affect the question, for the plaintiff made no inquiry upon the subject. When the plaintiff knew that the goods were rejected, it was its duty to have at once taken action in the matter, and directed the disposition tobe made of the property. It could at any time have obtained any information by inquiry of the defendant. It could not, by its inaction, cast the duty of caring for its property upon the railroad company—a duty properly imposed upon itself. The loss to the plaintiff in this ease has occurred solely by its gross negligence in failing to look after its own property, and not from the fault of the defendant.
Tiie judgment and order appealed from should be affirmed with costs. All concur.